**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **BRANDI POTTS,** | ) | |
| | ) | **JURY DEMAND** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 3:13-CV-0617** |
| | ) | **Judge Trauger** |
| **XTRA NATIONWIDE CORP., LINDER** | ) | **Magistrate Judge Bryant** |
| **LIONEL RICE JR., COMCAST CABLE** | ) | |
| **COMMUNICATIONS, INC., ZAYO GROUP,** | ) | |
| **LLC, and PIKE ELECTRIC, LLC** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

### FOURTH AMENDED COMPLAINT

---

Plaintiff Brandi Potts states her legally valid claim against the defendants as follows:

### PARTIES TO THIS LAWSUIT

1.     Plaintiff Brandi Potts ("Ms. Potts") is a citizen and resident of the State of Tennessee.

2.     Defendant Xtra Nationwide Corp. ("Xtra") is a Florida corporation with its principal place of business located at 2731 54th Ave. NE, Naples, FL 34120.

3.     Defendant Penske Truck Leasing Co. L.P. ("Penske 1") is a Delaware corporation with its principal place of business being located at Rt. 10, Reading, PA 19603.

4.     Defendant Penske Truck Leasing Corporation ("Penske 2") is a Delaware corporation with its principal place of business being located at 2675 Morgantown Rd., Reading, PA 19607-9676.

5.     Defendant Linder Lionel Rice Jr. ("Mr. Rice") is a citizen and resident of the State

of Georgia.

6. Defendant, Comcast Cable Communications, Inc., which liability is imputable to its successor in interest which is, upon information and belief, Comcast Cable Communications, LLC (hereinafter "Comcast"), is a Delaware limited liability company which can be served with process by service upon its registered agent for service of process in a state where Comcast has a substantial business process: C.T. Corporation System, 155 Federal Street, Suite 700, Boston, Massachusetts 02110.

7. Defendant, ZAYO GROUP, LLC., is a Delaware limited liability corporation operating in the State of Tennessee and can be served with process by service upon its registered agent at C T Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee, 37929-9710.

8. Defendant, PIKE ELECTRIC, LLC., is a North Carolina limited liability corporation operating in the State of Tennessee and can be served with process by service upon its registered agent at Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

### FACTS GIVING RISE TO THIS LAWSUIT

9. On August 15, 2012, at approximately 4:12 P.M., Mr. Rice was operating a white 2012 Volvo tractor with trailer ("Tractor-Trailer") in Brentwood, Williamson County, Tennessee at approximately 4:12 P.M.; he was traveling west on Moores Lane in the westbound outside travel lane.

10. The Tractor-Trailer was owned at that time by Xtra, Penske 1, and/or Penske 2.

11. Mr. Rice was operating in the course and scope of his employment or agency with

2

Xtra, Penske 1, and/or Penske 2 on August 15, 2012, at approximately 4:12 P.M.

12. The Tractor-Trailer was a "commercial vehicle" as defined by the applicable Code of Federal Regulations on August 15, 2012 and had a gross vehicle weight rating ("GVWR") of over 10,0001 pounds.

13. Commercial vehicles with a GVWR of 10,001 pounds or greater are subject to Federal Motor Carrier Safety Regulations ("FMCSR"), which can be found at 49 C.F.R. sections 301 to 399, either directly or as adopted by the Tennessee Department of Transportation Safety Rules and Regulations sections 1340-06-1-.08 pursuant to Sections 65-2-102 and 65-15-113 of the Tennessee Code.

14. As Mr. Rice was traveling westward on Moores Lane as described above, just west of Galleria Boulevard, the trailer part of the Tractor-Trailer snagged an overhead utility line that was stretched across Moores Lane.

15. The aforementioned utility line was pulled tight, a utility pole that it was attached to snapped into pieces, and a broken-off portion of the pole was pulled violently and struck the vehicle Ms. Potts was operating at that time, which was headed east on Moores Lane in the eastbound outside travel lane.

16. The impact from the pole hitting Ms. Potts's car flipped it over onto its top and it came to rest in the middle lane of Moores Lane.

17. Ms. Potts was severely injured on August 15, 2012, at approximately 4:12 P.M.

18. The utility cable which came into contact with Mr. Rice's tractor-trailer was, upon information and belief, owned and maintained by Defendant Comcast and, according to information obtained, may have been hit by another unidentified vehicle shortly before the date of

˘3˘

Plaintiff's incident, August 15, 2012.

## THE DEFENDANTS WERE NEGLIGENT ON AUGUST 15, 2012

19.     The defendants were negligent on or before August 15, 2012 and their negligent

acts or omissions caused (both factually and legally) the injuries/damages complained of herein.

### *Mr. Rice's Negligent Acts and Omissions*

20.     Specifically, Mr. Rice was negligent on August 15, 2012 at 4:12 P.M. in that he:

a.      drove in a careless and reckless manner without regard for the safety of others and especially the Ms. Potts;

b.      failed to keep a proper lookout; and

c.      failed to use due care.

21.     Further, Mr. Rice chose not to abide by certain laws, and was negligent *per se* on

August 15, 2012 at 4:12 P.M. in that he:

a.      violated Section 55-7-202 of the Tennessee Code regarding the height of the Tractor-Trailer;

b.      violated Section 55-10-105 of the Tennessee Code by driving in a willful and wanton disregard for the safety of others;

c.      violated Section 55-8-103 of the Tennessee Code by failing to obey applicable traffic laws;

d.      violated Section 55-8-136 of the Tennessee Code by failing to exercise due care to avoid colliding with another vehicle so that life or limb would not be endangered; and

e.      violated one or more sections of the FMCSRs, which can be found at 49 C.F.R. secs. 301 to 399, either directly or as adopted by the Tennessee Department of Transportation Safety Rules and Regulations sec. 340-06-1-.08 pursuant to Sections 65-2-102 and 65-15-113 of the Tennessee Code; and

f.      violated the Code of Ordinances, City of Brentwood, Tennessee (a.k.a

"Brentwood Municipal Code") sec. 66-379.

### *Xtra's, Penske 1's & Penske 2's Liability for Mr. Rice's Negligent Acts and Omissions*

#### Their Vicarious Liability

22.     Xtra, Penske 1, and Penske 2 are responsible for the negligent acts and omissions of Mr. Rice under what is known as *respondeat superior*, which makes an employer responsible for the negligence of its employees (see also Tenn. Code secs. 55-10-311 & -312) and under the FMCSRs at 49 C.F.R. sec. 390.5 (defining "*Employee*" and "*Employer*").

#### Their Direct Liability

23.     Xtra, Penske 1, and Penske 2 were also negligent on or before August 15, 2012 in regard to this incident in the following ways:

    a.      negligently hiring Mt. Rice to drive the Tractor-Trailer;

    b.      negligently training Mr. Rice to drive the Tractor-Trailer;

    c.      negligently retaining Mr. Rice to drive the Tractor-Trailer;

    d.      negligently supervising Mr. Rice to drive the Tractor-Trailer; and

    e.      failing to use due care with regard Mr. Rice in general.

### *Comcast's Negligent Acts and Omissions*

24.     Comcast was negligent on or before August 15, 2012 in regard to this incident in the following ways:

    a..     Comcast was the owner of the utility cable struck by Mr. Rice's vehicle;

    b.      Comcast had a duty to properly inspect and maintain the subject cable;

    c.      Comcast knew of or, in the exercise of reasonable care, should have known

˘5˘

that the subject cable had been struck prior to August 15, 2012, which caused

the subject cable to hang lower than permitted in order to avoid being struck;

    d.    Comcast failed in its duty to inspect and maintain the subject cable, which was a proximate cause of Plaintiff's damages.

### *Zayo Group, LLC's Negligent Acts and Omissions*

25.    Zayo Group, LLC was negligent on or before August 15, 2012 in regard to this incident in the following ways:

    a.    As alleged by Defendant, Comcast, in its Amended Answer, Zayo Group, LLC may be held wholly or partially at fault for causing the injuries and damages to the Plaintiff because Zayo Group, LLC. submitted plans to move the Comcast cable line which crossed Moore's Lane, the location of the accident, lowering it by three (3) feet. Further, Zayo performed work on one of the poles between March 26, 2012 and June 27, 2012, just prior to the accident involving Plaintiff, which took place on August 15, 2012.

### *Pike Electric, LLC's Negligent Acts and Omissions*

26.    Pike Electric, LLC was negligent on or before August 15, 2012 in regard to this incident in the following ways:

    a.    As alleged by Defendant, Comcast, in its Amended Answer, Pike Electric, LLC may be held wholly or partially at fault for causing the injuries and damages to the Plaintiff because at some point between March 7, 2012 and March 26, 2012, Pike Electric LLC built a new pole next to the pole to which the Comcast line crossing Moore's Lane was attached, which acts

could be shown to be responsible for the height of the utility line which Plaintiff made contact with.

## THE DAMAGES CAUSED BY THE DEFENDANTS' NEGLIGENCE

27.     The defendants' negligent acts and omissions caused (both factually and legally) the following injuries and damages, which are:

       a.     Ms. Pott's pain and suffering;

       b.     her loss of enjoyment of life;
       c.     her medical bills; and

       d.     all other damages allowed by Tennessee law.

## DEMAND/PRAYER FOR RELIEF

WHEREFORE, Ms. Potts demands/prays for a judgment by way of a jury's verdict against the defendants in the amount of $475,000.00 and for all other relief the law provides.


Respectfully submitted,

/s/ Blair P. Durham
**Blair P. Durham, Esq.**
BPRN: 021453
404 James Robertson Parkway
Suite 1714 Parkway Towers
Nashville, TN   37219
(615) 252-4814
blair@durhamanddread.com

/s/ Benjamin E. Winters
**Benjamin E. Winters, Esq.**
BPRN: 023970
404 James Robertson Parkway
Suite 1714 Parkway Towers
Nashville, TN   37219

~7~

(615) 252-4814
ben@durhamanddread.com
*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

On this 3rd day of March, 2015, I hereby certify that a true and correct copy of the foregoing

Fourth Amended Complaint was delivered via the Court's electronic filing system by me to:

Reid D. Leitner, Esq.
Martin Trimiew, Esq.
**Leitner, Williams, Dooley & Napolitan, PLLC**
414 Union Street
Suite 1900
Nashville, TN 37219
Reid.Leitner@leitnerfirm.com
martin.trimiew@leitnerfirm.com

Alexander Galloway, Esq.
William Johnson, Esq.
**Moore Ingram Johnson & Steele, LLP**
Emerson Overlook
326 Rosewell Street
Marietta, GA 30060
ATG@mijs.com
WRJ@mijs.com

/s/ Blair P. Durham
**Blair P. Durham, Esq.**

˅8˅

~9~